IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**CITY OF AZTEC,**

 **Plaintiff,**

vs.                 CIV No. 04-516 JH/RLP

**NORTH STAR MUTUAL DOMESTIC
WATER CONSUMERS AND MUTUAL
SEWER WORKS COOP., INC,**

 **Defendant.**

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on *Defendant's Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted With Consolidated Brief in Support Thereof,* filed June 2, 2004 (*Doc. 3*). Having reviewed the motion, memoranda and all relevant authority, the Court being fully advised, finds the motion not well-taken, and it is therefore denied.

**I.** **Background**

Plaintiff, City of Aztec, a municipal corporation existing under the laws of the State of New Mexico, owns, operates and maintains a public utility constituting a joint water and wastewater system in San Juan County. Defendant, North Star Mutual Domestic Water Consumers and Mutual Sewer Works Cooperative, Inc. ("North Star"), also owns and operates a water system located in San Juan County. Pursuant to Defendant's procurement of federal loans for its water operations in San Juan County, Defendant contends Plaintiff may not expand its water and waste water operations.

Plaintiff requests a declaration that none of its actions have infringed or will infringe on Defendant's federally-protected service area. Specifically, Plaintiff requests that:

> the Court declare the rights and other legal relations of the parties concerning the right of Plaintiff Aztec to provide water and wastewater services in areas newly annexed to the City, and in areas outside Plaintiff Aztec's city limits, and to determine that none of the actions of Plaintiff Aztec infringe on any federally-protected right of Defendant North Star.

*Complaint for Declaratory Judgment*, filed May 11, 2004 (*Doc. 1*). Defendant contends that Plaintiff's *Complaint* does not contain an actual case or controversy, and thus is nothing more than a request for an advisory opinion.

## II.   Standard of Review

"The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (quoting *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir.1991)). The court may not dismiss a cause of action for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the theory of recovery that would entitle him to relief. *Hospital Building Co. v. Trustees of Rex Hosp.*, 425 U.S. 738, 746 (1976). The issue in reviewing the sufficiency of a complaint is not whether a plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

## III.   Discussion

Article III of the United States Constitution limits the jurisdiction of the courts to actual cases or controversies. *Honig v. Doe,* 484 U.S. 305, 317 (1988); *Lewis v. Continental Bank Corp.,* 494 U.S. 472, 477 (1990); *Taxpayers for the Animas-La Plata Referendum v. Animas-La Plata Water Conservancy Dist.,* 739 F.2d 1472, 1478 (10th Cir. 1984) (Article III admonishes against courts

issuing advisory opinions on abstract questions). A declaratory judgment should be cautiously applied only to actual controversies "when the facts alleged, under all the circumstances, show that there is a substantial controversy of sufficient immediacy and reality to warrant a declaratory judgment." *Schepp v. Fremont County*, 900 F.2d 1448, 1452 (10th Cir. 1990) (quoting *Maryland Casualty Co. v. Pacific Coal & Oil Co.,* 312 U.S. 270, 273 (1941) (emphasis in original).

Defendant contends that Plaintiff's *Complaint* requests a declaration:

> that any decision Plaintiff might make in the future to provide water and wastewater services to any area that it annexes or that lies outside the city limits will never violate any federally-protected right of North Star....

*Defendant's Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted With Consolidated Brief in Support Thereof,* filed June 2, 2004 (*Doc. 3*). The Court, however, does not construe Plaintiff's prayer for relief so broadly. The *Complaint's* language, although vague, does not appear to request such a broad declaration by the Court. Instead, it appears the *Complaint* requests relief concerning an actual controversy, as it concerns the rights and relations of the parties regarding an annexation of land to the City of Aztec and areas beyond the City. If, at a later time, it becomes apparent that Plaintiff is requesting relief that is not of "sufficient immediacy and reality to warrant a declaratory judgment," *Schepp*, 900 F.2d at 1452, the Court can revisit the issue.

### IV.   Conclusion

Defendant's *Motion to Dismiss* is not well-taken, as it fails to demonstrate that Plaintiff's *Complaint*, seeks anything but actual and immediate relief.

Wherefore,

IT IS ORDERED that *Defendant's Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted With Consolidated Brief in Support Thereof,* filed June 2, 2004 (*Doc. 3*) is DENIED.

Dated September 2 , 2004.

_____
UNITED STATES DISTRICT JUDGE